IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **JACOB ROSA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.4:21-cv-00187-SEP |
| | ) | |
| **MITEK INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT MITEK INC.'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR,
IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.      INTRODUCTION**

Plaintiff Jacob Rosa's ("Plaintiff") Emergency Paid Sick Leave Act ("EPSLA" or "Act") claim (Count I) fails as a matter of law, as it simply does not apply to Defendant MiTek Inc. ("MiTek").  The EPSLA only applies to employers with under 500 employees.  MiTek employs more than five hundred employees in the United States and, therefore, is not a covered employer.  Plaintiff, a former full-time Machine Operator for MiTek, filed his Complaint wherein he asserts claims for violations of the EPSLA (Count I), Family and Medical Leave Act ("FMLA") (Count II), and Missouri's whistleblower protection laws (Count III).  (ECF, # 5).  Specifically, in Count I, Plaintiff alleges MiTek violated the EPSLA when it failed to provide Plaintiff with paid sick leave after he informed MiTek of his potential exposure to COVID-19 and shortly thereafter, MiTek terminated Plaintiff's employment.  (ECF, # 5, ¶¶ 22-27).

A covered employer under the EPSLA must employ between fifty (50) and (500) employees within the United States of America.  Count I of Plaintiff's Complaint is fundamentally flawed because MiTek employs well in excess of five hundred employees within the United States.

Thus, MiTek is not a covered employer under the EPSLA and is entitled to a partial judgment on the pleadings, or in the alternative, summary judgment in favor of MiTek, should be entered on Count I of Plaintiff's Complaint.

## II.     PROCEDURAL BACKGROUND

Plaintiff originally filed his Complaint in the Circuit Court of St. Louis County, Missouri on December 22, 2020. (ECF, #5). Plaintiff's three-count Complaint contains claims for violations of the Emergency Paid Sick Leave Act (Count I) and the Family and Medical Leave Act (Count II), and Wrongful Termination under Missouri's whistleblower protection laws (Count III). *Id*. On February 12, 2021, MiTek timely removed Plaintiff's Complaint to the United States District Court for the Eastern District of Missouri. (ECF, #1). On February 22, 2021, MiTek filed its Answer and Affirmative Defenses to Plaintiff's Complaint. (ECF, #7). Accordingly, MiTek's instant Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment ("Motion") is submitted after the closing of all pleadings in the case.

## III.     ARGUMENT

### A.     Legal Standard for Judgment on the Pleadings and Consideration of Supporting Documents.

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings any time "[a]fter the pleadings are closed[.]" FED. R. CIV. P. 12(c). "All well-pleaded facts are accepted as true, and all reasonable inferences are made in favor of the non-movant." *Ashley Cty, Ark. V. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law[.]" *Id*. Essentially, the Court uses the same standard that is used to evaluate a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Id*.

"In adjudicating [Rule 12] motions, courts are not strictly limited to the four corners of complaints." *Dittmer Properties, L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013). Indeed, a court may consider "materials that are necessarily embraced by the pleadings." *Porous Media Corp v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The Eighth Circuit has expounded on its list of documents to consider when ruling on a motion for a judgment on the pleadings. Specifically, the Court will consider:  "**matters incorporated by reference or integral to the claim**, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Von Kaenel v. Armstrong Teasdale*, LLP, 943 F.3d 1139, 1143 (8th Cir. 2019) (emphasis added).

The Eighth Circuit has analyzed the consideration of matters outside the pleadings when ruling on dispositive Rule 12 motions. In *Enervations, Inc. v. Minnesota Mining and Mfg. Co*. ("3M"), 3M submitted a copy of its termination letter to Enervations, Inc. along with, and in support of, its motion to dismiss Enervation, Inc.'s wrongful termination claim. *Enervations, Inc. v. Minnesota Mining and Mfg. Co.*, 380 F.3d 1066 (8th Cir. 2004). The termination letter memorialized Enervation, Inc.'s allegation that 3M terminated the business relationship between the parties. *Id*. at 1068. The Court ruled that the termination letter was clearly "necessarily embraced by the pleadings" because of its relationship to the complaint's allegation that 3M prematurely terminated the agreement between the two parties. *Id*. at 1069. Similarly, in *Dittmer Properties, L.P. v. F.D.I.C.*, the Eighth Circuit affirmed the consideration of a durable power of attorney document submitted in support of a Rule 12 dispositive motion because the document was "contemplated by or expressly mentioned in the complaint." *Dittmer Properties, L.P. v. F.D.I.C.* 708 F.3d 1011, 1021 (8th Cir. 2013). In accordance with the foregoing Eighth Circuit

precedent, MiTek's arguments and exhibits in support of its Motion for Judgment on the Pleadings, or in the Alternative, Motion for Summary Judgment, are set out below.

      **B.**      **MiTek is Entitled to Judgment on the Pleadings on Plaintiff's EPSLA claim, as MiTek is Not a Covered Employer.**

The EPSLA simply does not apply to MiTek. As such, MiTek is entitled to judgment as a matter of law, without delay. Under the EPSLA, "[a]n employer shall provide to each employee employed paid sick time to the extent that the employee is unable to work (or telework) due to a need for leave because:

    (2)    The employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19; and

    (3)    The employee is experiencing symptoms of COVID-19 and seeking a medical diagnosis."

29 C.F.R. 826 § 5102.

The EPSLA also states "[i]t shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who takes leave in accordance with this Act." 29 C.F.R. 826 § 5104. However, not all employers are covered by the EPSLA. The EPSLA's application to private employers extends only to those employers who employ fewer than five hundred (500) employees within the United States of America. 29 C.F.R. § 826.40(a)-(a)(i). "Typically, a corporation (including its separate establishments or divisions) is considered a single employer and all of its employees must be counted together." *Id*. at § 826.40(a)(iii)(2)(i). Put another way, employers who employ more than five hundred (500) employees are exempt from the requirements of the EPSLA.

As an initial matter, MiTek submits a declaration by its Human Resources Information Systems Manager, Timothy O'Donnell ("Declaration") in support its Motion for Judgment on the Pleadings. See Exhibit 1, *Declaration of Timothy O'Donnell* attached hereto. MiTek's

4

Declaration contains matters incorporated by reference and integral to Plaintiff's claim that MiTek is a covered employer under the EPSLA because it employs less than 500 employees.  (ECF, #5, ¶ 7); *see also Von Kaenel v. Armstrong Teasdale*, LLP, 943 F.3d 1139, 1143 (8th Cir. 2019).  In particular, MiTek's supporting Declaration is not a matter outside the pleadings because it provides an accurate headcount of the employees employed by MiTek and this is "necessarily embraced" by the allegation in Plaintiff's Complaint that MiTek is an EPSLA covered employer.  (ECF, #5, ¶ 7).  It is also integral to Plaintiff's claim because its consideration disposes of Plaintiff's EPSLA claim altogether.  Thus, MiTek's Declaration and supporting document contains matters "contemplated by the pleadings" and must be considered in tandem with MiTek's Motion for Judgment on the Pleadings.

As MiTek's Declaration may be properly considered with the instant Motion, Plaintiff's EPSLA claim fails because MiTek employs more than five hundred employees in the United States.  See Exhibit 1, *Declaration of Timothy O'Donnell* (*O'Donnell Decl.*) attached hereto; see also Exhibit 1A, *MiTek's October 8, 2020 Workday Employee Headcount Report* ("*Headcount*") attached hereto.  In fact, as of Plaintiff's termination on October 8, 2020, MiTek employed 2,039 employees within the United States of America.  See Exhibit 1, *O'Donnell Decl.*; see also Exhibit 1A, *Headcount*.  Since MiTek employed more than five hundred employees within the United States of America at the time of Plaintiff's termination, the EPSLA is inapplicable and as such, judgment on the pleadings is proper.

**C.** **Alternatively, MiTek is Enter to Partial Summary Judgment on Count I.**

If the Court considers MiTek's Declaration a matter outside of the pleadings, MiTek's Motion still prevails on summary judgment.  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories on file, together with affidavits, if any, show that there is

5

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Durham D&M, LLC*, 606 F.3d 513, 518 (8th Cir. 2010). Summary judgment is not a disfavored procedural shortcut, but is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

MiTek has the initial burden of showing there is no genuine issue of material fact, which it can do simply by stating there is an absence of evidence to support essential elements of Plaintiff's claim under the EPSLA. *See Celotex*, 477 U.S. at 325. In response, Plaintiff may not rest upon his pleadings, but must set forth specific facts showing there is a genuine issue for trial. See *Cherry v. Ritenour High School*, 253 F. Supp. 2d 1085, 1092 (E.D. Mo. 2003). "[I]f the non-moving party has failed to 'make a showing sufficient to establish the existence of an element essential to that party's case . . . there can be no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Nichols v. ABB DE, Inc*., 324 F. Supp. 2d 1036, 1041 (E.D. Mo. Apr. 2004) (quoting *Celotex*, 477 U.S. at 322-23). MiTek's facts in support of its Motion for Summary Judgment are set forth in MiTek's Statement of Uncontroverted Material Facts filed contemporaneously herewith and incorporated by reference herein.

MiTek is entitled to summary judgment with respect to the uncontrovertable fact that it employs more than five hundred employees in the United States and, as a result, it is exempt from coverage under the EPSLA. Plaintiff avers under "information and belief" that MiTek is a covered employer under the EPSLA because it employs under five hundred employees as defined by the Act. (ECF, # 5, ¶ 7). However, as shown above, MiTek employs more than five hundred employees in the state of Missouri alone. SOF ¶ 7. To put a finer point on it, MiTek employed

6

two thousand and thirty-nine employees within the United States as of Plaintiff's termination on October 8, 2020. SOF ¶ 10. This undisputable fact, in conjunction with the Act's application only to employers who employ less than five hundred employees in the United States, mandates summary judgement in favor of MiTek. See 29 C.F.R. § 826.40(a)-(a)(i). If granted, summary judgment on Count I of Plaintiff's Complaint will provide "just, speedy, and inexpensive determination" of a claim that is legally and factually defective. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

## IV.  CONCLUSION

For the foregoing reasons, MiTek, Inc. respectfully requests the Court to enter a Judgment on the Pleadings or, in the Alternative, Summary Judgment in favor of MiTek, Inc. and against Plaintiff Jacob Rosa on Count I of Plaintiff's Complaint, and for all other relief the Court deems just and proper.

Respectfully submitted,

*/s/ Joseph M. Wientge, Jr.*
Joseph M. Wientge, Jr. #57494MO
jwientge@littler.com
Benjamin R. Marble, #69207MO
bmarble@littler.com
LITTLER MENDELSON, P.C.
600 Washington Avenue
Suite 900
St. Louis, MO  63101
Telephone: 314.659.2000
Facsimile: 314.659.2099

*Attorneys for Defendant MiTek, Inc.*

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 1st day of April, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will effectuate service on the following:

David M. O'Connell
O'CONNELL & CROSBY, LLC
223 N. Main St.
St. Charles, Missouri 63301

*Attorney for Plaintiff*

                                                      */s/ Joseph M. Wientge, Jr.*

4850-4881-8914.3 / 106323-1005