UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACOB ROSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-cv-00187-SEP |
| | ) |
| MITEK INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

  Before the Court is Defendant MiTek Inc.'s Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment. Doc. [10]. For the reasons set forth below, the Motion is denied.

**FACTS AND BACKGROUND**

  Plaintiff Jacob Rosa, who had been an employee of Defendant MiTek, Inc., since February 2014, filed this action on December 22, 2020. Doc. [31] ¶ 9. Plaintiff alleges that on October 4, 2020, he realized—and promptly notified Defendant—that he had possibly been exposed to the COVID-19 virus. *Id.* ¶¶ 10-11. Plaintiff claims that Defendant still required him to report to work on October 5, 2020. *Id.* ¶ 12. Shortly after arriving at work, Plaintiff requested to return home due to his COVID-related concerns. *Id.* ¶¶ 13-14. He was tested for COVID-19 and received a positive result two days later. *Id.* ¶ 16. Plaintiff claims that upon informing Defendants of his positive test result, he was terminated. *Id.* ¶¶ 17-20.

  Plaintiff brings three claims against Defendant, alleging violations of: (I) the Emergency Paid Sick Leave Act (EPSLA), (II) the Family Medical Leave Act (FMLA), and (III) the Missouri Human Rights Act (MHRA). On February 12, 2021, Defendant removed the case to this Court, Doc. [1], and moved for judgment on the pleadings, or, alternatively, summary judgment on Plaintiff's EPSLA claim, arguing that it is not bound by EPSLA, Doc. [10]. Plaintiff filed an Amended Complaint on July 21, 2021, Doc. [31], and Defendant subsequently moved to apply the pending Motion for Judgment on the Pleadings, Doc. [10], to the Amended Complaint, Doc. [33], which the Court granted.

1

**LEGAL STANDARDS**

I.  **Motion for Judgment on the Pleadings**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "after the pleadings are closed." Fed. R. Civ. P. 12(c). In ruling on such motions, a court accepts all factual allegations in the pleadings as true and draws all reasonable inferences in favor of the non-movant. *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Courts shall not grant judgment on the pleadings unless the material facts are undisputed, and the movant is entitled to judgment as a matter of law. *Id.* (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)).

Generally, in considering Rule 12(c) motions, a court cannot consider matters outside of the pleadings without converting the motion into one for summary judgment. Fed. R. Civ. P. 12(d); *see also Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (noting that the standards for considering materials outside the pleadings are the same for 12(b)(6) motions and judgment on the pleadings). Courts may consider evidence beyond the pleadings, however, if such materials are "incorporated by reference or integral to the claim," *Dittmer Props., LP v. FDIC*, 708 F.3d 1011, 1021 (8th Cir. 2013) (quotation marks omitted) (quoting *Miller v. Redwood Toxicology Lab.*, Inc. 668 F.3d 928, 931 n.3 (8th Cir. 2012)), or are "necessarily embraced by the pleadings," *Porous Media Corp.*, 186 F.3d at 1079 (quotation marks omitted) (quoting *Piper Jaffray Cos. V. Nat'l Union Fire Ins. Co.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997)). "[W]ritten or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings" falls outside the pleadings and may not be considered. *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003) (quoting *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992)).

II.  **Motion for Summary Judgment**

Under Federal Rule of Civil Procedure 56, a court must grant a motion for summary judgment if it finds that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists if a reasonable jury could return a verdict for" the non-movant. *Cockram v. Genesco, Inc.*, 680 F.3d 1046, 1051 (8th Cir. 2012) (quotation marks omitted) (quoting *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 397 (8th Cir. 2011)). "As a general rule, summary judgment is proper only after the nonmovant has had adequate time for

discovery." *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049 (8th Cir. 2012) (quotation marks omitted) (quoting *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999)).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (internal quotations marks omitted). The burden then shifts to the non-movant to "present specific evidence, beyond mere denials or allegations that raise a genuine issue for trial." *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (cleaned up) (quoting *Wingate v. Gage Cnty. Sch. Dist.*, F.3d 1074, 1079 (8th Cir. 2008)). The court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc'y*, 210 F.3d 845, 847 (8th Cir. 2000) (Bennett, C.D.J., dissenting). The court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

## DISCUSSION

**I.    Defendant's evidence is outside the pleadings.**

EPSLA was enacted on March 18, 2020, as part of the Families First Coronavirus Response Act. Pub. L. No. 116-127, §§ 5101-5111, 134 Stat. 178, 195-201 (2020) (expired Dec. 31, 2020). It required "covered employers" to provide certain sick leave policies. *Id.* § 5102. A "covered employer" was "any person engaged in commerce or in any industry or activity affecting commerce that . . . in the case of a private entity or individual, employs fewer than 500 employees." *Id.* § 5110(2)(B)(i)(I)(aa). In its Motion for Judgment on the Pleadings, Defendant asserts that it is not a covered employer under EPSLA because it employs over 500 employees in the United States. Docs. [7] at 6; [10] at 1. Defendant submits as support a statement by its Human Resource Information System Manger, Timothy O'Donnell, and a copy of data from its employee management system, "Workday," purportedly showing that Defendant's total number of employees in October 2020 was over 2,000. Doc. [12-1] at 1-3 (indicating the total employee count was 2,042 on October 1, 2020, and 2,039 on October 8, 2020). Because that evidence was not attached to the pleadings, the Court must first decide if its consideration is proper.

3

In ruling on a Rule 12(c) motion, a court may rely on public records that do not contradict the complaint and on records explicitly or implicitly referenced in the pleadings. *Porous Media Corp.*, 186 F.3d at 1079; *see also Von Kaenel v. Armstrong Teasdale, LLP*, 943 F.3d 1139, 1143 (8th Cir. 2019). Defendant cites several authorities supporting his claim that the Court should consider the additional evidence, but each involves consideration of public records or materials referenced in the pleadings.[1] Mr. O'Donnell's statement and the Workday data are not public records, and they are neither explicitly nor implicitly referenced in the pleadings. The Complaint alleges only that Defendant employs fewer than 500 employees; it does not refer to or rely on Workday data or Mr. O'Donnell's statements. Doc. [5] ¶ 7. A complaint does not incorporate or reference evidentiary materials by simply alleging facts related to the materials. *See BJC*, 348 F.3d at 688 (reversing 12(b)(6) dismissal when the district court relied on documents attached to the motion because the complaint alleged the existence of a contract but not those particular documents, and other evidence may have been relevant). Moreover, additional evidence may be relevant to Plaintiff's allegations, such as evidence concerning the status of Defendant's workers. Accordingly, Plaintiff's allegations do not reference Defendant's additional evidence. *Cf. id.*

Defendant also argues that its additional evidence is "integral" to Plaintiff's EPSLA claim because it would dispose of the claim. Doc. [11] at 5. On that view, courts could consider *any* evidence in deciding motions for judgment on the pleadings so long as the evidence would be dispositive. That principle cannot be reconciled with case law prohibiting the consideration of evidence in opposition to the pleadings, *see BJC*, 348 F.3d at 687, and it would render Rule 12(d) ineffectual. Courts have held that "a document is 'integral' when the complaint 'relies heavily upon [the document's] terms and effect.'" *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d. Cir. 2010)) (finding that a report was not integral because the complaint did not rely on it). Defendant does not allege—or submit evidence demonstrating—that Plaintiff relied on Mr. O'Donnell or the

---

[1] *See Von Kaenel*, 943 F.3d at 1143 (affirming judgment on the pleadings after considering testimony from related state court proceedings that both parties "extensively referenced and argued about"); *Dittmer Props.*, 708 F.3d at 1020-21 (considering documents that were filed in state court prior to removal and were referred to directly and by inference in the complaint); *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (quoting *Piper Jaffray Cos.*, 967 F. Supp. at 1152) (finding a specific, dated termination letter was "necessarily embraced by the pleadings" when the complaint referred to a letter terminating the agreement on that date); *Porous Media Corp.*, 186 F.3d at 1079 (concluding that district court properly relied on transcript of earlier judicial proceeding).

Workday program in preparing the Complaint, or that Plaintiff even knew of them.  *See* Doc. [14] at 4.  Moreover, the incongruence between Defendant's evidence and the Complaint—namely, the dispute over Defendant's total number of employees—suggests that Plaintiff did not rely on Defendant's additional materials.

Finally, the Eighth Circuit has suggested that sworn declarations filed along with a memorandum, like Mr. O'Donnell's, are not properly considered to be part of the pleadings.  *See Midwest Disability Initiative v. JANS Enters.*, 929 F.3d 603, 609 (8th Cir. 2019) (the district court would have been required to treat a motion to dismiss as a motion for summary judgment if it had considered sworn declarations submitted by plaintiffs with their memorandum opposing dismissal).

Mr. O'Donnell's declaration and the Workday data are not incorporated by reference, integral to the claim, or necessarily embraced by the pleading, and the Court cannot consider them in deciding Defendant's Motion for Judgment on the Pleadings.  Without consideration of Defendant's evidence, there is a genuine dispute of material fact as to whether Defendant employed more than 500 employees.  Defendant's Rule 12(c) Motion is therefore denied.  *See Ashley Cty.*, 552 F.3d at 665 (courts shall not grant judgment on the pleadings unless the material facts are undisputed, and the movant is entitled to judgment as a matter of law).

**II.     The Court declines to convert the Motion to a motion for summary judgment.**

Defendant alternatively requests that the Court convert its 12(c) motion to a summary judgment motion.  Rule 12(c) motions are "not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or [in] opposition to the motion."  *Casazza v. Kiser,* 313 F.3d 414, 417 (8th Cir.2002) (quoting *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir. 1999)).  Rather, the Court must decide whether to consider the evidence and convert the motion.  *See* Fed. R. Civ. P. 12(d); *see also Union Elec. Co. v. Chi Bridge & Iron Co.*, 2015 U.S. Dist. LEXIS 34149, at *6 (E.D. Mo. Mar. 19, 2015) (declining to consider materials outside the pleadings and convert a Rule 12(c) motion to one for summary judgment).  Here, the Court declines to do so.  Plaintiff has not had the opportunity to conduct discovery to defend against Defendant's evidence.  It is true that Plaintiff was "on notice of the possibility of conversion" when Defendant attached its evidence but chose not to attach its own evidence to demonstrate a question of material fact.  *See Luna v. Am. Nat'l Ins. Co.*, EP-21-CV-00064-FM, 2021 WL 1911339, at *5 (W.D. Tex. May 12, 2021).

5

But information regarding Defendant's number of employees "is solely within Defendant's knowledge and control.  It is unlikely Plaintiff could have provided documentation in support of his claim before conducting discovery even if such materials exist." *Id.*

Allowing Plaintiff to conduct discovery is especially important where, as here, Defendant's evidence is incomplete. *See, e.g., id.* The Workday data purports to identify the number of employees, but it is not clear that they are "employees" under EPSLA's definition,[2] rather than independent contractors.  In determining the total number of employees under EPSLA, all full-time and part-time employees within the United States are considered, but independent contractors are not.  29 C.F.R. § 826.40(a)(1) (expired Dec. 31, 2020).  And, as Plaintiff notes, employment status under FLSA is a legal conclusion, and Mr. O'Donnell's affidavit provides no facts to identify workers as employees rather than independent contractors. Doc. [16] at 3-4; *see Karlson v. Action Process Serv. & Priv. Investigations, LLC,* 860 F.3d 1089, 1092-93 (8th Cir. 2017) ("The ultimate question of whether or not an individual is an 'employee' within the meaning of the FLSA is a legal determination rather than a factual one.") (cleaned up) (quoting *Donovan v. Trans World Airlines, Inc.,* 726 F.2d 415, 417 (8th Cir. 1984)). Given an opportunity to conduct discovery, therefore, it is possible Plaintiff could produce evidence creating a genuine dispute of material fact about which purported employees are actually independent contractors.  At present, that information is within Defendant's knowledge and control.  As such, the Court declines to convert the 12(c) Motion to a summary judgment motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings or, in the Alternative, Summary Judgment (Doc. [10]) is **DENIED.**

Dated this 18th day of November, 2021.

                                                                                    _Sarah E. Pitlyk_
                                                                                    SARAH E. PITLYK
                                                                                    UNITED STATES DISTRICT JUDGE

---

[2] EPSLA expressly adopted the Fair Labor Standards Act (FLSA) definition of employee. *Id.* § 5110(1)(A)(i) (citing 29 U.S.C. § 203(e)).  Under FLSA, an employee is "any individual employed by an employer."  29 U.S.C. § 203(e)(1).